UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM CRISPIN,

    Plaintiff,

v.                CASE NO.
                  6:15-cv-144-ORL-BGK

CREDIT ONE FINANCIAL
d/b/a Credit One Bank, N.A.,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, WILLIAM CRISPIN ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for his Complaint against Defendant, CREDIT ONE FINANCIAL d/b/a Credit One Bank, N.A. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the conduct giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person at all times relevant residing in Altamonte Springs, Florida, Seminole County.

5. Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.55(2) and owes or allegedly owes a debt as that term is defined by Fla. Stat. § 559.55(1).

6. Defendant is a business entity headquartered in Las Vegas, Nevada.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed telephone calls to (647) 807-51xx, Plaintiff's cellular telephone, to collect a debt that arose from transactions for personal purposes.

9. Defendant used telephone numbers (855) 213-5764 and (866) 372-2508 to call Plaintiff.

10. Upon information and belief based on the frequency, number, nature, and character of these calls, Defendant placed them using an automatic telephone dialing system or other equipment that hast the capacity to store and/or produce telephone numbers ("auto dialer").

11. The purpose of Defendant's calls was to collect a debt.

12. The alleged debt arises from transactions which were for personal, family, and/or household purposes.

13. Defendant's calls were for a non-emergency purpose.

14. On or about October 23, 2014, Plaintiff informed Defendant that he would pay when he could and instructed Defendant to stop calling him.

15.     Plaintiff revoked any consent, actual or implied, for Defendant to use an auto dialer to call his cell phone.

16.     Defendant continued to use an auto dialer to call Plaintiff's cell phone.

17.     Since October 23, 2014 Defendant used an auto dialer to place at least one hundred ninety (190) collection calls to Plaintiff's cell phone.

18.     Defendant called Plaintiff up to nine (9) times in a single day.

19.     Defendant voluntarily and willfully placed these calls.

20.     Defendant intended to use an auto dialer to place these calls.

21.     Defendant did not have Plaintiff's express consent to place these calls.

22.     Plaintiff is annoyed and feels harassed by Defendant's continued collection calls to her cell phone.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

23.     Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

24.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

25.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

26. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

27. All court costs, witness fees and other fees incurred; and

28. Awarding such other and further relief as may be just, proper and equitable

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

29. Defendant violated the FCCPA based on the following:

   a) Defendant violated § 559.72(7) of the FCCPA by engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

30. Statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

31. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2),

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____
Shireen Hormozdi
Florida Bar No. 0882461
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 x 267
Fax: (866) 861-1390
shormozdi@consumerlawcenter.com
Attorney for Plaintiff